SAVOIE, Judge,
dissenting.
I disagree with the majority opinion, finding that the defendant’s second assignment of error has merit. Reviewing the evidence in the light most favorable to the prosecution, I conclude that a rational trier of fact could not find that all of the elements of the crime were proved beyond a reasonable doubt. A review of the evidence shows that a rational trier of fact would have a reasonable doubt that the state proved the defendant possessed the stolen television under circumstances indicating that the defendant knew or had good reason to believe it was stolen.
The state must prove that the defendant had knowledge or reason to believe that the television was stolen at the time he possessed the television. The only evidence in the record showing that the defendant knew the television was stolen was Mason’s testimony that on August 20, six days after defendant relinquished possession of the television to Mason by delivering it to him, defendant knew the television to be stolen. These disclosures do not show defendant had such knowledge while he had possession of the television. The statement that “the law was on him [defendant] about the T.V.” is at best nebulous and inconclusive as to defendant’s knowledge (prior to August 20) that the television was stolen; thus, neither that statement nor the revelation to Mason that the police were coming to get the television sheds any further light on the requisite element of knowledge.
I am not deterred in reaching this conclusion by the evidence that defendant delivered the television to Mason’s home rather than the pawnshop or that defendant misrepresented to Mason at the time of the sale that he had acquired the television new. It is certainly conceivable that a pawnbroker might purchase property for personal use and have it delivered to his home, and it is not entirely uncommon that an otherwise legitimate commercial transaction is accompanied by a representation that the item for sale is newer than it actually is. I am also not deterred in reaching this conclusion by the evidence that the serial number had been removed from the television prior to its seizure; there is no evidence that defendant knew or should have known that the serial number was removed.
Without additional evidence concerning defendant’s knowledge that the television was stolen during the time he possessed it, I conclude that the state’s proof of the alleged crime is not constitutionally sufficient. Hence, I would reverse defendant’s conviction and sentence and enter an order of acquittal.